UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARIN ALLEN MACK, | No. 2:23-cv-1998 DB (HC) |
| Petitioner, | |
| v. | ORDER |
| PATRICK COVELLO, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. §2254. Both parties consented to the jurisdiction of a magistrate judge. Accordingly, Chief Judge Mueller authorized the undersigned magistrate judge to rule on all proceedings in this action. (ECF No. 9.)

Before the court is respondent's motion to dismiss for failure to exhaust. For the reasons set forth below, this court finds petitioner failed to exhaust one of his claims and gives petitioner the opportunity to choose to proceed solely on the exhausted claims in his petition or seek a stay of these proceedings.

**I.      Legal Standards for Motion to Dismiss**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." The Court of Appeals for the Ninth Circuit

1

construes a motion to dismiss a habeas petition as a request for the court to dismiss under Rule 4. See O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990). Accordingly, the court will review respondent's motion to dismiss pursuant to its authority under Rule 4.

In ruling on a motion to dismiss, the court "must accept factual allegations in the [petition] as true and construe the pleadings in the light most favorable to the non-moving party." Fayer v. Vaughn, 649 F.3d 1061, 1064 (9th Cir. 2011) (quoting Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1030 (9th Cir. 2008)). In general, exhibits attached to a pleading are "part of the pleading for all purposes." Hartmann v. Cal. Dept. of Corr. and Rehab., 707 F.3d 1114, 1124 (9th Cir. 2013) (quoting Fed. R. Civ. P. 10(c)).

## II.   Legal Standards for Exhaustion

The exhaustion of state court remedies is a prerequisite to granting a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).

The state court has had an opportunity to rule on the merits when the petitioner has fairly presented the claim to that court. The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based. Picard, 404 U.S. at 277-78. Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts...or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982). Instead,

> [i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365 (1995). Accordingly, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996). The

United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509, 522 (1982). A mixed petition containing both exhausted and unexhausted claims must be dismissed. Id.

### III. Discussion

Respondent argues that petitioner failed to exhaust one claim – that his appellate counsel was ineffective in violation of his Sixth Amendment rights when she made errors in her legal arguments. Petitioner first raised that claim in his motion for rehearing to the California Court of Appeal. (See ECF No. 11-5.) Petitioner raised it again in his petition for review to the California Supreme Court (ECF No. 11-7) and in his petition for a writ of habeas corpus to the Eldorado County Superior Court (ECF No. 11-9). Respondent contends that petitioner must properly raise the issue before the state supreme court and that doing so for the first time on discretionary review does not exhaust the claim.

In his opposition, petitioner simply states that the issue was "fully and fairly" presented to the state's highest court when it was raised in the petition for rehearing to the Court of Appeal and the petition for review to the California Supreme Court. (ECF No. 12.)

Respondent relies on Ninth Circuit case law holding that a claim raised for the first time on discretionary review to the state's highest court and denied without comment is not exhausted. Casey v. Moore, 385 F.3d 896, 915-16 (9th Cir. 2004). In Casey, the Court of Appeals noted the established rule that

> "Generally, a petitioner satisfies the exhaustion requirement if he properly pursues a claim (1) throughout the entire direct appellate process of the state, or (2) throughout one entire judicial postconviction process available in the state." Liebman & Hertz, *Federal Habeas Corpus Practice and Procedure*, § 23.3b (4th ed. 1998) (emphasis added). "Whether a claim is exhausted through a direct appellate procedure, a postconviction procedure, or both, the claim should be raised at all appellate stages afforded under state law as of right by that procedure." *Id*. (citing *Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989)).

Id. at 916.

////

The present case is distinguishable from Casey in one respect.  Petitioner did not raise the issue for the first time before the California Supreme Court.  Rather, petitioner raised the issue at the first opportunity he had to do so – in a petition for rehearing to the Court of Appeal.  That said, California law generally requires an ineffective assistance of counsel claim to be raised in a petition for a writ of habeas corpus.  People v. Mendoza Tello, 15 Cal. 4th 264, 267 (1997).  That rule becomes mandatory where the claim of ineffective assistance is "based on evidence not in the trial record."  The claim "must" then be presented in a petition for a writ of habeas corpus. People v. Anh The Duong, 10 Cal. 5th 36, 56 (2020) (citing People v. Mendoza Tello, 15 Cal.4th 264, 266-267 (1997)).

Petitioner's claim of ineffective assistance of appellate counsel relies on the declaration of appellate counsel, evidence outside the trial record.  (See ECF No. 1 at 35.)  Because petitioner did not raise his claim in a writ petition to the California Supreme Court, he did not raise it "in the manner required by the state courts," Casey, 386 F.3d at 916, and it is not exhausted here.

Petitioner has two choices if he wishes to proceed with this habeas proceeding.  First, he may dismiss the ineffective assistance of counsel claim from his federal petition and proceed solely on the exhausted claims in that petition.  Second, he may seek a stay of these proceedings in order to exhaust his claim of ineffective assistance of appellate counsel.

Petitioner is advised that there are two kinds of stays available to a §2254 petitioner who wishes to exhaust claims in state court: one established by Rhines v. Weber, 544 U.S. 269 (2005) and the other by Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002).  Under Rhines, the district court stays the petition in its entirety, without requiring dismissal of any unexhausted claims, while the petitioner attempts to exhaust them in state court.  King v. Ryan, 564 F.3d 1133, 1138-41 (9th Cir. 2009).  A Rhines stay is available only where (1) good cause is shown for petitioner's failure to have exhausted all claims in state court prior to filing the federal petition, (2) the unexhausted claim or claims potentially have merit, and (3) there is no indication that petitioner has intentionally delayed pursuing the litigation.  Rhines, 544 U.S. at 277-78.

Under the alternative procedure outlined in Kelly, a district court may stay a petition containing only exhausted claims and hold it in abeyance pending exhaustion of additional claims

which may then be added to the petition by way of amendment. Kelly, 315 F.3d at 1070-71; King, 564 F.3d at 1135. If the petition in question is "mixed," meaning it contains both exhausted and unexhausted claims, the petitioner seeking a Kelly stay must first dismiss the unexhausted claims from the petition and then seek to add them back after exhausting them in state court. King, 564 F.3d at 1138-39. The previously unexhausted claims, once exhausted, must be added back into the federal petition within the statute of limitations provided for by 28 U.S.C. §2244(d)(1), however. King, 564 F.3d at 1140-41.

Overall, a Rhines stay is much harder to obtain but preserves the federal filing date of the previously unexhausted claims for purposes of the statute of limitations. A Kelly stay is easier to obtain, but does not provide any protection against newly exhausted claims becoming time-barred during the exhaustion process.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Petitioner's claim of ineffective assistance of appellate counsel is not exhausted;
2. Within thirty days of the date of this order, petitioner shall do one of the following:
   a. File a notice that he wishes to dismiss his ineffective assistance of appellate counsel claim from his petition and proceed solely on the exhausted claims; or
   b. File a motion for a stay to permit him to exhaust his ineffective assistance of appellate counsel claim.
3. If petitioner does not select one of these options, this court will grant respondent's motion and dismiss the petition because it contains an unexhausted claim.

Dated: April 24, 2024

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9/DB Prisoner Inbox/Habeas/S/mack1998.or re exh